TILLINGER v. LONDON.

(Supreme Court, Appellate Term. January 8, 1909.)

COURTS (§ 189*)—PRACTICE IN CITY COURT—STRIKING OUT PLEADINGS—PLACING CAUSE ON SHORT-CAUSE CALENDAR.

Where it is obvious from the needlessness of amendments that an amended answer in a cause in the City Court of New York is interposed solely for delay, and it is apparent that, if it is permitted to remain and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff is required to give a new notice of trial, he will lose the benefit of the term for which he had theretofore noticed the cause, an order striking out such answer and placing the cause on the short-cause calendar unless defendant complies with its terms must be affirmed.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from City Court of New York, Special Term.

Action by Julius Tillinger against Albert London. From an order striking out defendant's amended answer, and placing the cause on the short-cause calendar unless he should comply with certain terms of such order, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

James, Schell & Elkus (Monte London, of counsel), for appellant. Bernhard Bloch, for respondent.

PER CURIAM. It is quite obvious, from the needlessness of the amendments, involving, as they do, no more than verbal changes, that the amended answer was interposed for the sole purpose of delay. The cause had been noticed for trial by the plaintiff for April 20, 1908; the term was to expire on May 1st (City Court rule 1), and the amended answer was not received by the plaintiff until April 21st, 10 days before the expiration of the term.

Pursuant to the provisions of the Code of Civil Procedure (sections 3161, 3162) a new notice of trial was required to be served at least five days before the day for which the cause was noticed, and, making reasonable allowance for the preparation and service of the notice of trial, and the exhaustion of the remainder of the term by the trial of other precedent causes, it was reasonably apparent that, if the amended answer was permitted to remain, the plaintiff would lose the benefit of the term for which he had theretofore noticed the cause. No allegation in the moving papers to the effect that unless the amended answer be stricken out the plaintiff would lose the benefit of the term could have added anything to the facts before the court.

The order appealed from is affirmed, with $10 costs and disbursements.